

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| WILLIE DARELL BABER | CIVIL ACTION NO. 08-1545 |
| VERSUS | JUDGE ROBERT G. JAMES |
| ALLEN CUPP | MAG. JUDGE KAREN L. HAYES |

RULING

Pending before the Court is Plaintiff Willie Darell Baber's ("Baber") civil rights complaint attacking the conditions of confinement at the Richland Detention Center [Doc. Nos. 1, 6, & 8]. On April 22, 2009, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 9], in which she recommends dismissing his complaint with prejudice as frivolous. The Court ADOPTS the Report and Recommendation, except for the analysis regarding the unsanitary toilets.

Baber alleges that:

> I entered R.D.C. [on] April 22, 2008[.] Since I've been here[,] this facility has not used proper disinfectants for the toilets & urinals, having [sic] me to [sic] use the restroom with the smell of urine & feces. I wrote an ARP about it because every so often by using the toilets I catch boils on [my] buttocks. Boils are inflamed swelling caused by unclean & unsanitary surfaces which can in fact lead to staff [sic] infections. Therefore, by R.D.C. not using proper disinfectants I catch boils on my buttocks which hurt when I lay down on my back.

[Doc. No. 8, p. 2].

Magistrate Judge Hayes reasoned that Baber has "asserted a conclusory allegation; he offers no factual support for his assertion that the condition complained of caused his boils. Further, even if accepted as true, the injury complained of amounted to nothing more than a *de minimis* injury." [Doc. No. 9, p. 9].

A boil is a localized skin infection. A boil can heal itself, but at least some boils require

medical treatment. In addition, boils can be caused by poor hygiene and/or bacteria. The Court thus finds that Baber has alleged more than a *de minimis* injury that is causally related to the alleged unsanitary condition.

That does not end the Court's inquiry, however. Baber must also show that the unsanitary condition posed a substantial risk of serious harm and that the named prison officials were deliberately indifferent to the risk of harm. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Bradley v. Puckett*, 157 F.3d 1022, 1025–26 (5th Cir. 1998) (holding that the plaintiff stated an Eight Amendment condition of confinement claim based on allegations that he was unable to bathe for several months, that he was therefore forced to clean himself using toilet water, that the unhygienic conditions resulted in a fungal infection which required medical attention, and that the defendants knowingly deprived him of sanitary conditions for one to two months). Baber alleges that he has experienced occasional boils, but he has not alleged their frequency or duration or whether he sought medical treatment.

Warden Allen Cupp ("Cupp") is the only named defendant. Although Baber alleges that he submitted a grievance regarding this issue, he has not alleged when he submitted the grievance, the content of the grievance, or who received the grievance form. Therefore, it is not clear whether Cupp was aware of facts from which an inference of an excessive risk to Baber's health could be drawn and that Cupp actually drew the inference. *See id.*

The claim regarding unsanitary toilets is REMANDED to Magistrate Judge Hayes to issue an order directing Baber to amend his complaint in light of the foregoing analysis and to issue a supplemental Report and Recommendation based on the amended complaint.

The Court DEFERS issuing a judgment until the supplemental Report and Recommendation

is issued.

MONROE, LOUISIANA, this 18 day of May, 2009.

                                              ROBERT G. JAMES
                                              UNITED STATES DISTRICT JUDGE