UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **WILLE DARELL BABER** | * | **CIVIL ACTION NO. 08-1545** |
| LDOC #523832 | | |
| VS. | * | **SECTION P** |
| | * | **JUDGE ROBERT G. JAMES** |
| **ALLEN CUPP** | * | **MAGISTRATE JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff Willie Darrell Baber, proceeding *in forma pauperis*, filed the instant civil rights complaint (Doc. # 1) and amended complaints (Docs. # 6, 8) pursuant to 42 U.S.C. § 1983 on October 10, 2008. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is incarcerated at the Richland Parish Detention Center (RPDC), Rayville, Louisiana, and complained of conditions at that facility. This matter has been referred to the undersigned magistrate judge for report and recommendation in accordance with the standing order of this court. For the following reasons it is recommended that the complaint be **DISMISSED WITHOUT PREJUDICE** pursuant to the provisions of Rule 41 of the Federal Rules of Civil Procedure.

*Statement of the Facts*

On April 22, 2009, the undersigned recommended dismissal of plaintiff's claims as frivolous. (Doc. # 9). On May 18, 2009, Judge James adopted the Report and Recommendation in all respects except for plaintiff's unsanitary toilets claim. That claim was remanded for further analysis. (Doc. # 10). On July 8, 2009, plaintiff was ordered to amend his civil rights complaint

1

within 30 days to provide more specific information with respect to the remaining claim. (Doc. #11). On September 15, 2009, plaintiff advised the court that on September 1, 2009, he was transferred from the Richland Parish Detention Center to the Claiborne Parish Detention Center, Homer, Louisiana; he further advised that he had not received any correspondence from the court in five months. (Doc. #12). Accordingly, on September 21, 2009, the plaintiff was given an additional thirty days to amend his civil rights complaint with respect to the remaining claim. (Doc. #13). Plaintiff has not responded to that order.

## *Law and Analysis*

Federal Rule of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with . . . any order of court . . . ." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED WITHOUT PREJUDICE** in accordance with the provisions of Fed. R. Civ. P. 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any

objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed, this 3rd day of November, 2009, in Monroe, Louisiana.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE